# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| HERMAN WINNS, #250841, ) | |
| ) | |
| ) | CIVIL ACTION NO. 0:05-2522-RBH-BM |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| A.J. PADULA, Warden of Lee ) | **REPORT AND RECOMMENDATION** |
| Correctional Institution; STATE OF ) | |
| SOUTH CAROLINA; and HENRY ) | |
| DARGAN MCMASTER, ) | |
| ATTORNEY GENERAL OF ) | |
| SOUTH CAROLINA, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on August 19, 2005,[1] pursuant to 28 U.S.C. § 2254.

The Respondents filed a return and motion for summary judgment on November 1, 2005. As the Petitioner is proceeding pro se, a Roseboro order was filed on November 1, 2005, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner

---

[1] Since there is no prison mail room stamp on the envelope, the Houston v. Lack delivery date cannot be conclusively determined. The undersigned has used the date on the Petition, giving the Petitioner the benefit of the earliest filing date possible. See Houston v. Lack, 487 U.S. 266 (1988).



thereafter filed a brief in opposition on November 28, 2005,. This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in January 1998 in Berkeley County for murder [Indictment No. 99-GS-08-152]. (R.pp. 660-661). Petitioner was represented by Mitchell Lanier, Esquire. On June 22, 1998, Petitioner was tried by a jury and convicted as charged. (R.pp. 1-418). Petitioner was sentenced to life imprisonment. (R.pp. 417-418).

Petitioner timely filed a direct appeal of his conviction. Petitioner was represented on appeal by Robert M. Dudek, Esquire, of the South Carolina Office of Appellate Defense, and raised the following issue:

> Whether the judge abused his discretion by refusing to admit evidence the decedent was H.I.V. positive, since this was relevant evidence which corroborated appellant's defense that the decedent attempted homosexual relations with him, and that fact was critical to the issues of self-defense and voluntary manslaughter?

(R.p. 427).

On May 26, 2000, the South Carolina Supreme Court affirmed the Petitioner's conviction. State v. Winns, 00-MO-078 (S.C.S.Ct. filed May 26, 2000). (R.pp. 462-463). A Petition for Rehearing was denied on July 7, 2000.[3]

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Although a copy of the Order denying the Petition for Rehearing is not contained in the record, the parties do not dispute that it was filed on July 7, 2000. See Petition, p. 2; Return and



On June 28, 2001, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. (R.pp. 464-469). <u>Winns v. State of South Carolina</u>, 01-CP-08-2181. Petitioner subsequently amended his application, and raised the following issues:

1. Applicant was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 14 of the South Carolina Constitution.

2. Applicant was denied his right to a trial by an impartial jury as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 14 of the South Carolina Constitution.

3. Applicant was deprived of his liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and by Article I, Section 3 of the South Carolina Constitution.

(R.pp. 483-484).

Petitioner was represented by Capers G. Barr, III, Esquire. An initial evidentiary hearing was held on August 13, 2002, with a supplemental hearing being held on January 21, 2003. (R.pp. 489-627). The PCR judge issued an order on January 23, 2003, granting Post-Conviction relief on the ground that the indictment was defective for failing to allege the time and place of death. (R.pp. 628-652).

On August 26, 2003, the State made a petition for writ of certiorari, raising the following issue:

Did the PCR Court err in finding a lack of subject matter jurisdiction based upon an indictment which was not defective?[4]

---

<u>Memorandum in Support of Summary Judgment</u>, p. 2.

[4] A copy of this Petition is not contained in the record. Petitioner does not contest Respondents' representation concerning this Petition and the issue presented.



Petitioner also filed a Petition of Respondent-Petitioner for Writ of Certiorari raising the following issues:

1. Did the post conviction relief court err in finding that trial counsel did not provide ineffective assistance by waiving Respondent-Petitioner's presence at the in-chambers voir dire of the jury?

2. Did the post conviction court err in finding that trial counsel did not provide ineffective assistance of counsel by failing to contemporaneously object to the court's questioning of jurors during the in-chambers voir dire?

3. Did the post conviction court err in finding that trial counsel did not provide ineffective assistance of counsel by failing to accept the court's offer to give a curative instruction to the jury, after denying trial counsel's motion for a mistrial because of the manner of the court's questioning of the juror in-chambers?

4. Did the post conviction court err in concluding that trial counsel did not provide ineffective assistance because of the manner of trial counsel's dealing with the solicitor's hearsay objections during Respondent-Petitioner's testimony about the critical moments leading to his striking the deceased?

5. Did the post conviction relief court err in concluding that trial counsel did not provide ineffective assistance by failing to object to the court's reasonable doubt charge?

See Brief, p. V.[5]

The South Carolina Supreme Court granted the Petition and directed further briefing on June 10, 2004. See Order, dated June 10, 2004. After briefing, the South Carolina Supreme Court issued an opinion dismissing Petitioner Winns' petition for certiorari as improvidently granted and reversed the PCR judge's ruling vacating Petitioner's conviction. Winns v. State, Op. No. 25958

---

[5]These issues were re-stated in the cited brief, which was filed after the Supreme Court's order of June 10, 2004. A copy of the original Petition for Writ of Certiorari has not been provided.



(filed March 28, 2005). The Court denied the Petition for Rehearing and the Remittitur was sent to the Berkeley Clerk of Court on May 6, 2005.

In his pro se Petition for writ of habeas corpus in the United States District Court, Petitioner raises the following claims:

> **Ground One**: The S.C. Supreme Court erred in reversing the PCR Court violating U.S. Const. Art. I, §10; Rule of Law:
>
> Respondents reversed decision by changing rule of law which counsel could not have predicted and therefore could not have met the new rule of law at the time of the trial of Petitioner — new rule was applied retroactively to Petitioners case thus overturning law at the time of conviction and reversing the lower courts decision based upon law at time of conviction and sentence faulty indictment issue and ineffective counsel issue.
>
> **Ground Two**: Ineffective assistance of counsel. Trial counsel was ineffective assistance of counsel for not objecting to faulty indictment prior to the impanelling of the jury.
>
> **Ground Three**: The decision of the S.C. Supreme Court in reversing the decision of the PCR court violates Petitioners ex post facto rights under U.S. Const. Art. I, Section 10, Due Process and Equal [Protection]. By applying new rule retroactively and not recognizing grand jury violation they issued indictment which was faulty due to grand jury violations of due process upon insufficient evidence before the grand jury which deprived Petitioner of Due Process and Equal Protections under 14th Amendment. The grand jury did not have subject matter jurisdiction to issue an indictment which did not provide sufficient evidence to meet each element of the charge to be set forth in the indictment.
>
> **Ground Four**: Numerous ineffective assistance of counsel issues set on PCR — and are cognizable and exhausted due to states appeal being discretionary.
>
> **Ground Five**: Applicant was denied a Fair Trial, by the Trial Court's instructions to the Jury, on the issue of Self Defense, when the Trial Court's instructions impermissibly shifted the burden of disproving the elements of murder and voluntary manslaughter to applicant, and thereby relieving the State of it's Constitutional duty to prove every element of murder and voluntary manslaughter beyond a reasonable doubt?
>
> **Ground Six**: Applicant contends he was denied a Fair Trial & Effective Assistance of Trial counsel, in violation of his Federa[l] Constitutional Rights and United States Constitutional Rights, when his Trial Counsel failed to object to the Trial Court's

5



Jury instructions, enunciating the presumption of malice from the, willful, deliberate, intentional bringing about of a Homicide and the use of a deadly weapon; and allowing the Court to transform rebuttable presumptions into permissive inferences.

**Ground Seven**: Applicant contends the Trial Court gave contradictory and confusing jury instructions, which violated Applicants Federal Constitutional rights, under the Fourteenth Amendment Section One.

**Ground Eight**: Applicant contends the Trial Court's Jury instructions violated Federal Constitutional Rights of Substantial Due Process of Law; when the Trial Court's Jury instruction's charged, that Applicant had to prove Self-Defense by a preponderance of the evidence; this also unconstitutionally relieved the State of it's burden of prove beyond a reasonable doubt all of the elements of the Crime charged?

**Ground Nine**: Applicant was denied effective assistance of appellate counsel, when appellate counsel failed to brief and argue that the lower court [erred] when it refused to grant a direct verdict of acquittal, as to murder, due to insufficient evidence under Federal standards, for a reasonable juror to conclude beyond a reasonable doubt that the Defendant was guilty of murder.

**Ground Ten**: The South Carolina Supreme Court erred when the Court overlooked or/and misapprehended Respondent-Petitioner's argument, that the indictment fails to allege the time and place of the death of the deceased, by utilizing the trial evidence to measure the sufficiency of the indictment; the "practical eye" analysis was misapplied.

**Ground Eleven**: The S.C. Supreme Court erred when it refused to permit Winns to petition for a re-hearing of the Court's decision in [State] v. Gentry; and/or based on the following should have reverse State v. Gentry.

**Ground Twelve**: The recent decision in State v. Gentry as applied to the Petitioner retroactively, should have been applied prospectively only and violates Petitioner's Sixth and Fourteenth Amendment rights to Due Process of law and violates Article I, §10 of the United States Constitution.

**Ground Thirteen**: The S.C. Supreme Court erred in failing to grant an avenue for post conviction relief on the grounds that trial counsel was ineffective for failing to move to quash the indictment; and/or remand Petitioner's case to the PCR court for consideration of such a finding in violation of the U.S. Constitution, Sixth and Fourteenth Amendment Due Process and Equal Protections clauses.



See Petition, pp. 6-11, and attachments.

## Discussion

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondents contend in their motion, inter alia, that the Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. As provided by statute, this limitation period runs from the latest of -

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;



> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Petitioner's state court conviction became final on October 5, 2000[6] (ninety days after July 7, 2000, the date that the South Carolina Supreme Court denied the petition for rehearing).[7] See e.g. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[direct review concludes at expiration of time for seeking certiorari from United States Supreme Court]; U.S. Sup. Ct. R. 13(1) [time for filing petition for certiorari with United States Supreme Court is ninety days]. Although the filing of an APCR tolls the running of the statute, by the time Petitioner filed his APCR on June 28, 2001, two hundred and sixty-five (265) days of non-tolled time had already passed. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR,

---

[6]Although the Respondents cite to the Supreme Court rule that the time for filing a petition of writ of certiorari runs from the date of the order denying the rehearing, the Respondents used the date of May 26, 2000, the date that the South Carolina Supreme Court issued its *per curiam* opinion affirming Petitioner's conviction, in calculating Petitioner's limitations period. However, even using the date of May 26, 2000, ninety (90) days from that date does not match the date of August 5, 2000, which is the date used by the Respondents. Further, both parties have represented to the Court that the petition for rehearing was denied on July 7, 2000. See footnote 3, supra. Therefore, in an abundance of caution and giving the Petitioner the benefit of that extra time, the undersigned has used the date of the order denying the petition for rehearing in calculating the tolled time period herein.

[7]The time for a petition for writ of certiorari runs from the denial of rehearing, not the remittitur. See U.S.Sup. Ct. Rule 13.3.

8



until May 6, 2005, when the Remittitur was sent after the South Carolina Supreme Court denied certiorari. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 [running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 (9th Cir. May 3, 2000). By the time Petitioner filed this action on August 19, 2005; see, note 1, supra; one hundred and four (104) days of additional non-tolled time had accrued since the disposition of his APCR. When the pre- and post- APCR time periods are added, three hundred and sixty-nine (369) days of non-tolled time passed between Petitioner's conviction and the filing of this federal Petition.

      Petitioner argues in his brief that the time for filing his federal petition did not start to run until March 28, 2005, when the South Carolina Supreme Court issued its opinion dismissing his petition for certiorari as improvidently granted and reversing the PCR judge's ruling vacating Petitioner's conviction. See Winns v. State, Op. No. 25958 (filed March 28, 2005); see also Petitioner's Brief, pp. 13-14. However, although § 2244(d) provides that the running of the one year statute of limitations may commence on a date other than when a judgment became final; see § 2244(d)(B) [governmental interference], (C) [new right made retroactive], and (D) [new factual predicate]; Petitioner has set forth no argument, and the undersigned finds no basis, for the application of any of these exceptions in this case. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n. 6 (2005). Accordingly, while Petitioner's state collateral review did toll the one-year statute of limitations, it did not *restart* the time in which to file his petition. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A),



it does not establish a right to file within one year after completion of collateral review]; <u>Pearson v. North Carolina</u>, 130 F.Supp.2d 742 (W.D.N.C. 2001); <u>Calderon v. U.S. District Court of the Central District of California</u>, 127 F.3d 782, 785-787 (9th Cir. 1997), <u>cert. denied</u>, 118 S.Ct. 1395 (1998), <u>overruled on other grounds in later appeal</u>, 163 F.3d 530 (9th Cir. 1998), <u>cert. denied</u>, 119 S.Ct. 1377 (1999).

Petitioner failed to timely file this federal petition, and he is therefore barred from seeking federal habeas relief. <u>Rouse v. Lee</u>, 339 F.3d 238, 253 (7th Cir. 2003) [declining to equitably toll the statute where petition was filed one (1) day late]; <u>Lookingbill v. Cockrell</u>, 293 F.3d 256, 264-265 (5th Cir. 2002) [declining to equitably toll when the petition was only four (4) days late].

## Conclusion

Based on the foregoing, the undersigned has no choice but to recommend that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice, for having been filed outside the applicable statute of limitations. 28 U.S.C. § 2244(d).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
May 24, 2006

10



## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

11
