UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Herman Winns, #250841, | ) | C/A No. 0:05-2522-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| A.J. Padula, Warden of Lee | ) | |
| Correctional Institution; State of | ) | |
| South Carolina; and Henry | ) | |
| Dargan McMaster, | ) | |
| Attorney General of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Herman Winns is an inmate of the South Carolina Department of Corrections ("SCDC") currently incarcerated at Lee Correctional Institution. Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. The petition was filed on August 19, 2005.[1]

## PROCEDURAL HISTORY

Petitioner was indicted in January of 1998 by a Berkeley County Grand Jury for murder. The case was tried before a jury in state court before Judge R. Markley Dennis on March 5-7, 2001. The jury convicted the petitioner as charged, and he was sentenced by Judge Dennis to life in prison.

Petitioner appealed his conviction and sentence to the South Carolina Supreme Court, which affirmed the conviction. *State v. Winns*, Op. No. 00- MO-078 (S.C. Sup. Ct., filed May 26, 2000). The Supreme Court denied the Petition for Rehearing on July 7, 2000.

---

[1] As noted by the Magistrate Judge, the *Houston v. Lack* delivery date cannot be determined, since the envelope contains no stamp by the prison mail room. The Court has utilized the date on the Petition, thus giving the petitioner the benefit of the earliest possible filing date. *See Houston v. Lack*, 487 U.S. 266 (1988).

1

Almost a year later, on June 28, 2001, the petitioner filed an application for post-conviction relief ("PCR"). A hearing was held on August 13, 2002 before Circuit Judge Daniel F. Pieper. Judge Pieper issued an Order on January 23, 2003, finding that the indictment was defective for failing to allege the time and place of death of the victim. Both the petitioner and the State filed Petitions for Writ of Certiorari with the South Carolina Supreme Court, and the Supreme Court issued an opinion dismissing the petitioner's petition and reversing the PCR judge's ruling. *Winns v. State*, Op.No. 25958 (filed March 28, 2005). The remittitur was issued on May 6, 2005.

This petition for habeas corpus was filed on August 19, 2005. The respondents filed a return and motion for summary judgment on November 1, 2005. A *Roseboro* Order was entered on November 1, 2005, advising the petitioner of the consequences if he failed to respond. The petitioner filed a brief in opposition to summary judgment on November 28, 2005.

The Magistrate Judge issued a report and recommendation on May 24, 2006 recommending that the respondents' motion for summary judgment be granted and that the petition for habeas corpus be dismissed with prejudice based on the statute of limitations. On June 7, 2006, the petitioner filed objections to the Report.

## SCOPE OF REVIEW

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant filed May 24, 2006. The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions

of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## ANALYSIS

The applicable time frame for filing a petition for writ of habeas corpus is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the case at bar, there is no allegation by the petitioner that "an impediment" existed under

state law which violated the Constitution which prevented the petitioner from filing this action under subsection (B) of the Act. There has also been no allegation that the case involves a new right recognized by the Supreme Court under (C). The petitioner also does not challenge the manner of calculation by the Magistrate Judge of the time limits under subsection (A), i.e., that the state court conviction became final on October 5, 2000 (ninety days after July 7, 2000, the date of the Order denying the petition for rehearing in the direct appeal)[2]; that before the filing of the PCR application on June 28, 2001, 265 days had already passed; that the time limits for the habeas corpus petition were tolled during the pendency of the PCR until May 6, 2005, when the remittitur was issued by the Supreme Court in connection with the cross-appeals from the PCR ruling; and that when the pre- and post- PCR time periods are added, more than one year had passed before the instant action was filed.

The petitioner asserts that his habeas corpus claim "did not accrue until the Decision of the South Carolina Supreme Court made its final ruling which was to overturn the lower courts decision which was in favor of the Petitioner and overturned his sentence." He also contends that his deadline began to run "when the facts became discoverable through due diligence", apparently under (D). These arguments lack merit under the provisions cited above of 28 U.S.C. §2244(d)(1) and Fourth Circuit case law.

Normally, prisoners initiate PCR proceedings shortly after the conclusion of their direct appeal. Under this scenario, since the deadlines for the federal habeas corpus proceedings are tolled during the PCR proceedings, the situation presented here would not occur. However, in the case at bar, the petitioner waited almost a year after his direct appeal ended to file his PCR application. Under the

---

[2] Direct review ends at expiration of time to file petition for certiorari in United States Supreme Court. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000).

terms of the statute, he cannot thereby extend his deadline for filing his habeas petition.

Petitioner also contends that his deadline for the habeas corpus claim began to run "when the facts became discoverable through due diligence", apparently under § 2244(d)(1)(D).  In this argument, the petitioner appears to contend that he did not discover the facts needed to prepare his habeas petition until the South Carolina Supreme Court reversed the PCR ruling of the circuit judge in the petitioner's favor.  The petitioner misconstrues subsection D of the statute.  Subsection D refers to situations of "new factual discoveries."  *See Escamilla v. Jungwirth*, 426 F.3d 868 (7th Cir. 2005).  The petitioner did not make a new factual discovery when the Supreme Court issued its order, since he had made the same argument before the PCR court.  Moreover, the petitioner's claim of actual innocence does not have a bearing on the statutory time frames set forth in § 2244(d).  *Id.*

Petitioner also argues that "manifest injustice" will result if he is not allowed to file his habeas petition late.  This argument lacks merit.  Although the Fourth Circuit has held that the doctrine of equitable tolling may apply to 28 U.S.C. §2244 where the defendant acted wrongfully or "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time", the Court has made clear that the doctrine must be applied in very limited situations.

> But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.  To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation.  We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330.  *See also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

In *Harris*, the petitioner contended that his attorney gave him erroneous advice regarding his

deadline for habeas corpus proceedings and that his deadline should accordingly be tolled. The Court held that the attorney's mistake did not constitute an extraordinary circumstance that would justify equitable tolling, citing among other cases, *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991), holding equitable tolling did not apply where the petitioner himself was unfamiliar with the legal process.

Similarly, in the case at bar, the petitioner's lack of knowledge or negligent disregard of his deadlines does not constitute an extraordinary circumstance that would justify equitable tolling.[3]

The petitioner also objects to the fact that the petition filed by the State was not part of the record in this case. However, this petition would not be pertinent to the issues relating to the statute of limitations.

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections and adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, respondents' motion for summary judgment is **GRANTED** and the petition is **DISMISSED**.

---

[3] In *Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001), the district court equitably tolled the statute of limitations where the petitioner waited until the last day of the one-year limitations period to file his state post-conviction relief proceedings and he thus did not have sufficient time to receive the PCR order in the mail and then file his petition for habeas corpus. However, the Fourth Circuit reversed, pointing out that, "although the criminal judgment against Spencer became final when he pled no contest to second-degree murder in January, 1991, he waited over a year . . . to file his first state (PCR)." Id. at 630-631. In a dissenting opinion, Circuit Judge King contended that the case presented a case of "unique circumstances" due to the fact the district judge had granted the plaintiff a fourteen-day extension of time. (In the case at bar, no such extension was granted.)

**IT IS SO ORDERED.**

                                            s/R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

July 12, 2006
Florence, South Carolina